Good morning, your honors. I'm Sharon Blackford for Mr. Gonzalez Vazquez. I would like to reserve three minutes for rebuttal, although I know you will. No, you watch the clock and we'll try to help. I would like to focus today on the issue of criminal history computation and for the other issue that I raised in my brief, the motion to compel entry of plea agreement. I would like to rest on my brief, if that is acceptable. Well, this criminal history thing really troubles me. As a practical matter, if you're representing somebody, probation is different from various things that are less than probation, like suspended imposition of sentence or suspended sentence, the difference being they don't have to report to a probation officer, they don't have to show up and get urine samples all the time, and they don't get ordered not to have a beer, things like that. Probation is really different, but it looks like a lot of the cases say if it's less than jail, it's probation. We don't care what they call it. And I can't figure out exactly how to decide what the cases mean here. It doesn't matter a whole lot what they mean under other statutes in other places. Help me. Your honor, I see it. Help me with the words. Yes, your honor, I see it the way you do. Thank you for articulating that. The way I see it is that the key is to look at the statutory scheme of the originating jurisdiction. 350-320 in this case? Let me flip to the next page. Yes, your honor. In what I believe it is that we should look at is 350-330. The government has offered 350-320. There are two statutes, and I believe, I'll just cut right to the chase, your honors. I believe that they are a scheme that works together. I do not believe that a complete understanding of what the Everett Municipal Court could do could be derived from looking only at 320 or only at 330. I believe you need to look at both of them together. So what I have done is I have looked at 330 where it says when a sentence is suspended, as the sentence here was, the court has jurisdiction, and I am paraphrasing a little bit that this is what it says. Is there one that defines the word probation? No, your honor. And that no, I don't find one. And what I find is that in Washington, I believe what happened is something different called stated terms. This is part of the problem. Every jurisdiction is different because they use different terms. Some use PNC, probation, no convictions. Some use probation. Here we seem to use stated terms. There's different terminology that we're trying to shoehorn into the sentencing guidelines, language of probation. Aren't we really trying to get at what is the essential concept here that we're dealing with? Yes, your honor. One is the term of year, the length of the term. That seems to be pretty straightforward. Yes, your honor. Why isn't the concept of probation really a release with conditions on it that if they are not followed will land the person in jail? So is your honor asking any conditions would equal probation as a possible way to read this? Yeah. Right. Well, the reason that I believe that that would not be a good idea is because the sentencing guidelines put the DWLS crime in that subsection where some DWLSs will be swept in and computed and some DWLSs will not. And what it looks like to me, even though I don't see anything in the comments about this, your honor, is that some DWLSs were viewed as more serious by the originating court and some were viewed as less serious. Presumably those that were less serious were given no probation. Right. And those that were given. What's a DWLS? I apologize, your honor. Driving with license suspended, which is the underlying municipal court conviction here. Yes, your honor. Go ahead. Well, I thought he was given a suspended sentence and told that you better not ever do this again. That's correct, your honor. He was. However, in Washington, that's not the equivalent of probation. I understand. The thing is, if we were to say that any conditions is the same as probation, basically all the DWLSs would get swept into the calculations, and that doesn't seem to be what the guidelines are looking for, or else they wouldn't have made this distinction between probation and no probation. Counsel, are there any words you can point this to, to hang a disposition on one way or the other? I will try to point to some that I will read right now and then explain why I think those might be the words you're looking for. Okay. The court, that's in 330, 350, 330, the court has jurisdiction for two years after imposition of that suspended sentence to suspend the execution of all or any part of the sentence upon stated terms, including installment payment fines. There is nothing in that section of the statute regarding probation. It is not required to put someone on probation in order to impose stated terms. I'd like to follow up a question of my colleagues because, as you know, the 7th Circuit and the 2nd Circuit, among others, seem to have a different statutory scheme. Slightly they view it differently. The 8th Circuit in Johnson, however, seems to be going your way, and at least as I look at it, it seems like both the Minnesota statute, which was the subject of Johnson, and the Washington statute seem to allow courts to suspend sentences either with probation or without it. Is that the distinction? Am I missing something? No, I believe that's what the 8th Circuit focused on in Johnson, Your Honor, and I believe that's what subsection 330, I just read, allows that. Can we hang our hats on that in construing the Washington statute, that it is the fact that you can either impose probation or not impose it, and therefore it brings it within the reasoning of Johnson? I believe so, and in forming that belief, I'm looking at language similar to what the 8th Circuit wrote in U.S. v. Lloyd where it said, quote, we recognize that determining the scope of the term, and they're talking about the term probation, will require careful scrutiny of the state law at issue. Right. So that's why I think there would be no reason to scrutinize state law for what the meaning of probation is unless you were going to make a distinction based on that. And that's how the construct of my argument, Your Honor. Well, but you're not arguing that just be, that therefore you're not arguing that the word probation itself is sufficient or the lack of a word. No, I don't think that it's quite that simple. I think that if you have a state statutory scheme where there is no way to impose conditions without probation, and conditions have been imposed, you've got the functional equivalent of probation, which is what the government is arguing. However, in a state like ours, which our state, Washington, seems to be less common, when you can do probation, when you can do conditions without probation specifically set up that way, and probation is specifically not given, I don't think it's correct to find that probation occurred in the terms of the sentencing guidelines. Are there administrative regulations that bear on this in Washington? Gosh, Your Honor, I looked and I didn't find any, but I don't want to swear that my search was competent. But you did look. Yes, Your Honor. What I'm thinking is if a person has the kind of sentence that this fellow does, Gonzalo Vasquez, does he or does he not get assigned a probation officer, they open a file and he has to go in and have meetings and urinalysis and counseling and all that kind of thing? Your Honor, I've been in that court. I don't know if it's allowed for me to say that, but I've practiced in that court, and no, no probation officer is the person simply walks away, and unless they bring themselves to the attention, nothing more happens. There's no probation officer. That was a big distinction when I did criminal defense. Do you have to go in and get told to do all these things or do you not? And you don't. You just go away. You're down to just a little over two minutes. Do you want to save that for later? I would love to. Thank you, Your Honor. Okay, why don't you do that and we'll hear from the government. Mr. Friedman. Good morning, Your Honor. Thank you. Andrew Friedman for the United States. I had intended to speak primarily about the issue that has more impact here, which is the enforcement of the plea agreement. But if the court doesn't have any questions, given that the ---- I think we're pretty interested in this probation issue because it's hard. Got any help? I hope I do, Your Honor. We really have a three-fold argument on that one. The first is that I think the Johnson decision on which the defense ---- Okay, but it can be distinguished. Next. Yes, Your Honor. And so I think the court should follow the other decisions, that they're better reasoned, because I think it's inconsistent with those. I don't know if they are. Why are they better reasoned? They seem to think that if you don't go to prison, it's probation. And that struck me as kind of naive, even indicative of a judge who'd never practiced criminal law. I mean, the difference between probation and not probation is usually urinating into a sample bottle and being told where you should go and what you should do Saturday night and asking about who your boss is and how you're getting along with them, that kind of thing. I understand the point that Your Honor is making. I think the judges in those decisions did see it differently because they basically say even if there is no supervision, it is the functional equivalent because it can be realized. I know, and I was wondering why is that? So you've got another point. I do, Your Honor. Well, excuse me. Before you get there, because Judge Kleinfeld was talking about reasoning, you've got Binford in Seventh Circuit, you've got Harris in the Sixth Circuit, you've got LaBella Zuba in the Second Circuit, and then we've got Johnson in the Eighth Circuit. You disagree with the reasoning in Johnson. What reasoning do you agree with, or should we reject the reasoning of all the rest of them and come up with our very own Ninth Circuit reasoning? And if so, what should that be? Your Honor, I believe I agree with the, or I would ask the Court to follow Binford, Harris, and LaBella Zuba, that basically when a court imposes a term of imprisonment but suspends it on the condition that defendant not do certain things, that that defendant is effectively on probation, that that conditional discharge is the equivalent of probation. Did you find any Washington definition of probation or any regulations bearing on it beyond what defense counsel has told us? I did not, Your Honor. Am I correct that the only condition here is that you don't get caught doing the same thing again? That is, driving on a suspended license. Effectively, I guess the driving without insurance, things that are similar might qualify. There's sort of a little gray area, but basically it's pretty close to that, Your Honor. Answering your question, Your Honor, the second thing is I would say that on the facts, Johnson is distinguishable from the Washington statute. The statute there very clearly provides that a court after suspending a sentence This is the Washington statute or the Minnesota statute? The Minnesota statute, the one that's discussed in Johnson. It very clearly provides the court may suspend the statute and then it may A, place the defendant on probation, or B, choose not to place the defendant on probation. Here I think it's basically the same thing except it says and. Your Honor, I don't read it that way because I think it's implicit in this statutory scheme that if there are conditions Well, two things. One, I think it's implicit in the statutory scheme that if the sentence is suspended, the defendant is on probation. Why is that implicit? If it's not explicit, implicit's a bigger jump for me, and I don't see why. It is a little bit, Your Honor. But if you read 3.50.320 and then .330, the statute to which defendant refers, if that's not the case, if a defendant is not Two reasons. If there are any conditions, the provision for conditions in 320 says the court may place the defendant on probation and prescribe the conditions thereof. So if there are conditions, I believe we are in the area in which it is probation. But what I'm saying is that if there are conditions prescribed by definition, the conjunctive is that they are on probation. Right. That's my reading of that, Your Honor. And second, if one looks at 3.30, there are two sentences there. The second sentence, the first sentence talks about continuing jurisdiction and says that during the two-year term, the court can come back and it can suspend or defer part of the sentence. But the second sentence deals with the remedies when a defendant violates conditions, and it says that probation is stayed. If you consider, if you said, well, if a defendant can be, can have his sentence stayed with conditions but not be on probation, then the whole scheme really doesn't work because that defendant can violate, can take off, and his two-year window runs. And so I think when you read it together for the system to work, for that two-year window to be stayable. I'm not following your argument on 3.30. Show me again. The first sentence here, well, first off, 3.30 deals with the situation after the original sentencing, not at the original sentencing. No, I'm dealing with 3.30. I thought on 3.30 what that sentence was for is if the guy's a fugitive, his probation starts when he gets caught. Right, but I believe that it would also make sense for the scheme to work where his suspension is also, the suspension is also stayed because otherwise the defendant who is subject to a suspended sentence but becomes a fugitive would basically evade the law. Well, but it's suspended unless he gets arrested and convicted of these crimes. So why would the state care if he's not under any supervision? Because it would allow the defendant to basically, say, maybe do a year and a half of that two-year suspension, take off, be gone for seven months, and then he would basically have evaded jurisdiction because the two years would have run. What does taking off mean? Are these people who are in the status that this Gonzales-Vasquez were required to do anything? Do they have to show up for appointments? Do they have to maintain a current address with the probation office? Do they have to comply with any conditions? As far as I know, what defense counsel represented is correct, that they are not, they're merely required to not commit similar violations. If all it means is don't get caught, then there's no such thing as taking off. He has the same freedom that I do to go where he wants. Yes, but he could commit the violation, the thing that if he were. But if he doesn't, then there's no such thing as taking off. Suppose he doesn't drive recklessly again. He never gets a ticket again in his life. He's learned his lesson about getting tickets and going fast and stuff. And he decides, I'm tired of Washington. I'm moving to Alaska. Is there anything to stop him from not only doing it, but doing it without notifying the probation office? I don't believe so, Your Honor. It seems to me that both 330 and 320 allow the court not to impose a term of probation. I understand you read it differently. And once you get to probation, then I get your conjunctive argument. But if you look at 330 here, and it talks about the sentence, a defendant who has been sentenced or whose sentence has been deferred who then fails to appear to address compliance with probation when ordered to do so by the court, kind of ties back to the 320, which suggests there is no requirement for probation. If you do it, then you can have conditions with it. At least that is as reasonable a construction of that statute as the other one, isn't it? I think that – I know you don't agree with it. Don't you think that is as reasonable a construction as the other one? I think that one can arguably read it both ways except for one fact, which is that if the court imposes conditions, I think you're in 320. I think you're in the wrong. And your argument here is that conditions were imposed, and therefore it must be probation? Yes. Is that your argument? That's at least one prong of the argument or one of the – I thought the only condition here was you do another reckless driving or whatever it was. Not only will you get sentenced for that one, but you'll get time for this one that's hanging over you. I believe the condition was no similar violations and also no driving without insurance or driving without a license. As a practical matter, that means about what I said, doesn't it? Yes. What role, if any, does the – You heard what I said. I did hear you, Your Honor. And does it mean approximately what I said is a practical matter? I was taking a moment to think about that. Yes. It does. Yes. Does the rule of lenity apply in the construction of the sentencing guidelines and all of the accoutrements thereof? Your Honor, none of the courts that have addressed this have resorted to the rule of lenity. I think it does not apply in this context because I think that what we have here is effectively a conditional discharge. It is the equivalent of probation, and particularly when one looks at 320 and the prong that says to impose conditions, the court must be on probation. And so I think it is clear and we don't get to the rule of lenity. Your argument is clear. The statute is not. I wish I could have been involved in drafting the statute, Your Honor. We wish you had too, actually, and your co-counsel there. If the court has no further questions, I'll rest on the argument and the briefs. Very good. Thank you very much for your argument. Let's hear again from Ms. Blackburn. Quite brief. Your Honors, thank you. I just wanted to say I believe that 320 allows the court to impose conditions via probation and 330 allows the court to impose stated terms of whatever it wants without probation, and I think that that's what I meant when I said they should be read together. So I think my argument actually incorporates my colleague's argument. You're saying you can have probation with or without. There are two kinds of conditions, I suppose. One is you'll get hammered harder if we catch you again, and the other is between now and then or for the next two years, you have to live your life a certain way. Exactly, and that reflects that it was a more serious crime in the view of the originating court, which seems to go back to the intent of the guidelines in the first place. It might be more serious or it might be the court thinks there's a problem here with his friend or his girlfriend or alcohol or something like that. Exactly. I can't remember whether Judge Kleinfeld asked this question, but if you did give an answer, I'm not sure I understood it correctly. Is there no definition of the word probation anywhere in the Washington Code or in any case? I believe neither of us have seen it. Okay. Thank you. I wanted to make sure that Your Honors understood that in my view, I'm probably not saying that right, is not a case that deals with this sentence and guideline provision. It deals with subsection D regarding whether something is a criminal justice sentence at all, and we don't dispute that. Similarly, Harris relied isn't really helpful because it has some statements, but when you scratch it and look underneath it, the two cases it relied on, one is unpublished and isn't on very solid grounds as far as what it says is probation is just mimicking what the probation officer said. McCrudden? Pardon? Which one is that, McCrudden? Harris. Oh, Harris. Okay. Gay is the unpublished case where it simply takes the word of the probation officer, and then there's another case that I cited, and I can't remember exactly what it is, but it is a case similarly on subsection D regarding whether it's a criminal justice sentence. So I think if you scratch Harris just a little bit and look underneath it, it doesn't help us here at all. Well, we thank you both for your fine arguments today. It's really a nice thing to have two really good lawyers who know what they're talking about and can help us struggle with a difficult issue. So thank you both for your argument. Thank you, Your Honor. The case of United States v. Gonzalez-Vazquez is submitted, and we will now hear arguments.
judges: Schroeder, Kleinfeld, Smith